### T. H. CANTREL V. THE STATE.

No. 10235.  Delivered June 9, 1926.

**Burglary—Ownership—Allegation and Proof—Variance Fatal.**

Where an indictment charged a burglary of premises owned and occupied by one Forney Prigon, and the proof showed the premises to have been owned and occupied by one Dan Smith, the variance between the allegation and the proof is fatal, and the judgment is reversed, and the cause remanded.

Appeal from the District Court of Delta County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction of burglary, penalty two years in the penitentiary.

The opinion states the case.

*L. L. James* of Cooper, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Delta County for the offense of burglary, and his punishment assessed at two years in the penitentiary.

The indictment charges that the appellant did then and there "unlawfully at night * * * by force, threats and fraud, break and enter a house there situate and owned and occupied by Forney Prigon without the consent of the said Forney Prigon and with the intent then and there to commit theft, and the said T. H. Cantrel did then and there fraudulently take from the said house and from the possession of the said Forney Prigon one automobile casing and two inner tubes for said casing of the value of $20.00, same being the corporeal personal property of the said Forney Prigon without the consent of the said Forney Prigon and with the intent to deprive the said Forney Prigon of the value thereof," etc. The undisputed testimony in this case shows that the property alleged to have been stolen was the property of F. L. Bridges, and that the house burglarized was a barn on the premises occupied and under the control of Dan Smith; that the said Bridges was a single man and was living on said premises with said Dan Smith, and had the right and the privilege of storing said casing and inner tubes in said barn alleged to have been burglarized. There is no evidence in the record showing that Forney Prigon had any interest whatever in the premises, or in the house thereon which was burglarized, or in the alleged stolen property. The court in his charge to the jury followed the indictment and charged the jury, in effect, that if they believed from the evidence beyond a reasonable doubt that the appellant did break and enter a house owned and occupied by Forney Prigon without his consent, to find him guilty, etc. The appellant's attorney requested the court, in a special charge, to instruct the jury to return a verdict of not guilty, and in his motion for a new trial sought to have the verdict set aside upon the ground that there was a variance between the allegations in the indictment and the proof, which special charge was refused and said motion overruled. Under the record as presented to us, it is clearly shown that there was a fatal variance between the allegations and the proof, and that the court erred in refusing to instruct a verdict of not guilty, or, failing in this, in not granting the motion for a new trial.

There are other questions raised, but in view of the disposition we are forced to make of this case, we deem it unnecessary to discuss same.

For the errors above mentioned we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.